IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WARNER CHILCOTT COMPANY, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1105-RGA |
| | ) |
| ZYDUS PHARMACEUTICALS (USA) INC., | ) |
| and CADILA HEALTHCARE LIMITED, | ) |
| (d/b/a ZYDUS CADILA) | ) |
| | ) |
| Defendants. | ) |

## **SCHEDULING ORDER**

This __16th__ day of February, 2012, the Court having conducted an initial Rule 16(b)

scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after

discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures.  Unless otherwise agreed to by the parties, the

parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)

by March 9, 2012.

2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before July 25, 2012.

3.      Discovery.

Discovery Cut Off.  All fact discovery in this case shall be initiated so that it will be

completed on or before January 15, 2013.

{00604637;v1}                                                1

      a.     Document Production. Document production shall be substantially complete by September 28, 2012.

      b.     Requests for Admission. A maximum of 65 requests for admission, excluding requests for admission as to the authenticity of documents, are permitted for each side, without prejudice for either party to seek leave of the Court to serve additional requests for admission.

      c.     Interrogatories. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side, without prejudice for either party to seek leave of the Court to serve additional interrogatories.

      d.     Depositions.

      i.     Limitation on Hours for Deposition Discovery. Each side is limited to a total of 85 hours of taking fact testimony by deposition upon oral examination, not including depositions of the parties' experts. Depositions of inventors are limited to a maximum of 10 hours per witness.

      ii.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      e.     Disclosure of Expert Testimony.

      i.     Expert Reports.

1.     Opening Expert Reports. For the party who has the initial burden of proof on the subject matter, or the burden of production in the case for secondary considerations of non-obviousness, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due February 15, 2013.

2.     Responsive Expert Reports. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due April 1, 2013.

3.     Reply Expert Reports. Reply expert reports from the party with the initial burden of proof are due on April 22, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court.

4.     Expert Depositions. Expert depositions shall be completed by May 22, 2013.

ii.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

f.     Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference. Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference, any party opposing the application for

relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g.    Stipulation on Discovery. In lieu of the Court's Default Standard for Discovery including Discovery of Electronically Stored Information ("ESI"), the parties are presently cooperating to define the appropriate approach to the discovery of electronically-stored information in this case. In the event the parties are unable to reach agreement, they shall promptly file a joint submission with the Court for resolution of any disputes. The joint submission shall identify the parties' respective agreements, disagreements, and the bases for any disagreements.

i.    Initial Infringement and Invalidity Contentions. Plaintiff shall serve its initial infringement contentions, including an initial chart relating each accused product or method, within 90 days following receipt of samples produced by Defendants. Defendants shall serve their initial invalidity contentions, including the asserted invalidating references, within 30 days following receipt of Plaintiff's infringement contentions.

4.    Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than March 9, 2012. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the

provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the
disclosure of information in this case, the Court does not intend to
preclude another court from finding that information may be
relevant and subject to disclosure in another case. Any person or
party subject to this order who becomes subject to a motion to
disclose another party's information designated as confidential
pursuant to this order shall promptly notify that party of the motion
so that the party may have an opportunity to appear and be heard
on whether that information should be disclosed.

5.    Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to

the Clerk an original and one copy of the papers. A redacted version of any sealed document

shall be filed electronically within seven days of the filing of the sealed document.

6.    Courtesy Copies. The parties shall provide to the Court two courtesy copies of all

briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed

under seal.

7.    Claim Construction Issue Identification. On or before August 17, 2012, the

parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.

On or before August 31, 2012, the parties shall exchange their proposed claim construction of

those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to

exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart

to be filed no later than September 14, 2012. The parties' Joint Claim Construction Chart should

identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each

party's proposed construction of the disputed claim language with citation(s) only to the intrinsic

evidence in support of their respective proposed constructions. A copy of the patent(s) in issue

as well as those portions of the intrinsic record relied upon shall be submitted with this Joint

{00604637;v1}                              5

Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      8.     Claim Construction Briefing. The parties shall contemporaneously submit initial briefs on claim construction issues on October 22, 2012, along with supporting declarations if needed. The parties' answering/responsive briefs shall be contemporaneously submitted on November 30, 2012. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

      9.     Hearing on Claim Construction. Beginning at 9:00 a.m. on December 17, 2012, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

      10.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on June 21, 2013. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. All answering/responsive briefs and affidavits in opposition to any dispositive motion must be filed 28 days following the deadline for dispositive motions and any reply brief in support of any dispositive motion must be filed 14 days following service of answering/responsive brief.

      11.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      12.    Pretrial Conference. The Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 11:30 a.m. on November 15, 2013 on a date as the Court's

calendar permits. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13.     Motions *in Limine*. Motions in limine shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

14.     Trial. This matter is scheduled for a 5 day bench trial beginning at 9:30 a.m. on December 9, 2013. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

15.     ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

UNITED STATES DISTRICT JUDGE